E. Evans Wohlforth, Jr., Esq.
Zachary W. Antilety, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102-5310
(973) 596-4879
*Attorneys for Defendant*
*Cigna Health Management, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HUDSON NEUROLOGICS, LLC D/B/A HUDSON NEUROSCIENCES AS SUBROGEE OF CHERYL EDWARDS.,<br><br>Plaintiff,<br><br>vs.<br><br>TOTAL PLAN CONCEPTS AND CIGNA INSURANCE COMPANY D/B/A CIGNA HEALTH MANAGEMENT, INC. D/B/A CIGNA PPO,<br><br>Defendants. | Civil Action No.:<br><br>[Previously pending in the Superior Court of New Jersey, Law Division: Hudson County, Docket No. HUD-L-999-19]<br><br>**NOTICE OF REMOVAL**<br><br>*Document Electronically Filed* |

**TO:**  **Clerk of the Court**
United States District Court
District of New Jersey
Martin Luther King Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Camille Joseph Kassar, Esq.
Law Offices of Camille Kassar, LLC
26 Columbia Turnpike, Suite 101
Florham Park, New Jersey 07932
(973) 520-8806
*Attorney for Plaintiff*

Yolanda L. Ayala, Esq.
Gallo Vitucci Klar
Three University Drive, Suite 402
Hackensack, New Jersey 07601
*Attorneys for Defendant*
*Total Plan Concepts*

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441(a), (c) and 1446, defendant Cigna Health Management, Inc., improperly denominated as Cigna Insurance Company d/b/a Cigna Health Management, Inc. d/b/a Cigna PPO ("Cigna"), through its attorneys Gibbons P.C., hereby files this Notice of Removal to remove the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of New Jersey, Law Division, Hudson County, to the United States District Court for the District of New Jersey. For the reasons stated below, removal of this action is proper because (1) the parties in this matter are citizens of different states and the amount in controversy exceeds $75,000.00; therefore, this Court has diversity jurisdiction under 28 U.S.C. § 1332; and (2) in the Verified Complaint, Plaintiff challenges the alleged failure of Defendants to pay the appropriate amounts for services under an employer-sponsored health benefits plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"); therefore, the Verified Complaint is completely preempted by ERISA, and this Court has federal question jurisdiction under 28 U.S.C. § 1331. As to any cause of action not subject to this Court's original jurisdiction under 28 U.S.C. § 1331, this Court also has supplemental jurisdiction under 28 U.S.C. §§ 1367 and 1441(c).

## I. PROCEEDINGS TO DATE

1. A lawsuit styled <u>Hudson Neurologics, LLC d/b/a Hudson Neurosciences as subrogee of Cheryl Edwards v. Total Plan Concepts, et al.</u>, Docket No. HUD-L-999-19, was filed on March 10, 2019 in the Superior Court of New Jersey, Law Division, Hudson County, by way of Order to Show Cause pursuant to New Jersey Court Rule 4:52 (the "State Court Action").

2. Annexed as Exhibit A are copies of all process, pleadings, and orders received by Cigna relating to the State Court Action, consisting at this time of: (a) Order to Show Cause; (b)

Verified Complaint; (c) Civil Case Information Sheet; (d) Proposed Order; and (e) Proofs of Service.[1]

## II. PLAINTIFF'S VERIFIED COMPLAINT

3.  Plaintiff Hudson Neurologics, LLC d/b/a Hudson Neurosciences ("Hudson Neurosciences"), residing at 605 Broadway, Bayonne, NJ 07002, alleges it is a healthcare provider run by Gregory D. Anselmi, M.D. ("Dr. Anselmi") that provides treatment for "a multitude of diseases, including, but not limited to, relapsing/remitting multiple sclerosis." See Ex. A, Verified Compl. ¶¶ 3-4.

4.  Plaintiff alleges that subrogor, Cheryl Edwards ("Patient"), "is a patient of Hudson Neurosciences and is a member of the Cigna network through a plan administered by Total Plan Concepts." Id. ¶ 5.

5.  Plaintiff alleges Total Plan Concepts is a third-party administrator that "regularly processes and administers claims on behalf of Cigna, and has its primary place of business at 571 McDonald Avenue, Brooklyn, New York 11218." Id. ¶ 1.

6.  Plaintiff alleges that the instant lawsuit arises out of Defendants' failure to properly reimburse Hudson Neurosciences for medical services provided to the Patient, who received a series of infusions to treat her relapsing/remitting multiple sclerosis on April 18, 2018, May 2, 2018, and October 29, 2018 (the "2018 Infusions"). See id. ¶¶ 10, 19.

7.  Plaintiff further alleges that the Patient previously executed an Assignment of Benefits authorizing Dr. Anselmi and Hudson Neurosciences "to use [the Patient's] health care

---

[1] Recitation in this Notice of Removal of certain pleadings in this matter is not an admission of their truth. Defendant does not waive, and hereby expressly reserves, all rights, privileges, and defenses in this matter.

information for the purpose of obtaining payment for services and determining insurance benefits or the benefits payable for related services." Id. ¶ 6.

8.	Plaintiff alleges Total Plan Concepts pre-authorized the 2018 Infusions on April 18, 2018, April 30, 2018, and October 16, 2018, respectively. Id. ¶¶ 11-12, 18.

9.	After the April 18, 2018 and May 2, 2018 Infusions, Plaintiff allegedly submitted bills to Total Plan Concepts totaling $115,380.00 (the "April/May Invoices"). See id. ¶ 13.

10.	On or about June 25, 2018, Total Plan Concepts allegedly issued an explanation of benefits for the April/May Invoices, agreeing to pay $20,326.22. Plaintiff allegedly expected to be reimbursed $92,304.00, or 80% of the billed amount, for the April/May Invoices. See id. ¶ 14.

11.	After receiving payment for the April/May Invoices, Plaintiff alleges it submitted an appeal to Total Plan Concepts by way of a letter dated July 2, 2018, and that this appeal was denied. See id. ¶ 15.

12.	After the October 29, 2018 Infusion, Plaintiff allegedly submitted bills to Total Plan Concepts totaling $113,017.50 (the "October Invoices"). See id. ¶ 19.

13.	On or about February 6, 2019, Total Plan Concepts allegedly issued an explanation of benefits for the October Invoices, agreeing to pay $28,220.40. Plaintiff allegedly expected to be reimbursed $90,414.00, or 80% of the billed amount, for the October Invoices. See id. ¶ 20.

14.	Plaintiff alleges it should be reimbursed 80% of its billed amounts for the 2018 Infusions because it relied on prior representations made by Total Plan Concepts. See id. ¶¶ 11-13, 18-19.

15. Plaintiff alleges that all administrative remedies for additional payment have been exhausted under the benefit plan administered by Total Plan Concepts.  See id. ¶ 21.

16. Plaintiff alleges that, "[o]n information and belief, Cigna is the putative defendant in this case and is financially responsible for payment of these claims."  Id. ¶ 24.

17. Plaintiff alleges that the Patient is currently scheduled for another infusion on April 17, 2019 (the "April 2019 Infusion").  See id. ¶ 22.

18. Plaintiff alleges that "time is of the essence" to resolve the claims asserted in the Verified Complaint because Total Plan Concepts' delay in approving additional payment for the 2018 Infusions "will result in the rapid deterioration of [the Patient's] condition and must be addressed in an emergent manner."  See id. ¶¶ 22-23.

19. Plaintiff does **not** allege that approval for the April 2019 Infusion has ever been denied by Defendants, or that approval has ever been requested by Plaintiff.

20. The Verified Complaint seeks relief in the form of an Order: (1) directing Defendants to pay Plaintiff $134,091.38 for services rendered during the 2018 Infusions; and (2) compelling Defendants to evaluate a request for the April 2019 Infusion.

21. Upon information and belief, Plaintiff's cause of action alleged in the Verified Complaint and at issue in this matter is covered by a health plan provided as an employee benefit and thus is governed by ERISA.  See 29 U.S.C. § 1002(1)(A).

22. Because, as detailed below, the Verified Complaint alleges Defendants' failure to pay the appropriate amounts for services pursuant to employee benefit plans subject to ERISA, this action concerns claims for benefits offered to ERISA plan participants.

### III.     GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

23.     Section 1332 of title 28 of the United States Code provides that this Court shall have original jurisdiction over controversies between citizens of different States in which the amount in controversy is in excess of $75,000, exclusive of interest and costs, and that a corporation shall be deemed a citizen of that State in which it is incorporated and that State in which it has its principal place of business.

24.     Plaintiff alleges in the Verified Complaint that Hudson Neurosciences is a healthcare provider in the State of New Jersey located at 605 Broadway, Bayonne, NJ 07002.

25.     Plaintiff alleges that defendant Total Plan Concepts has its principal place of business at 571 McDonald Avenue, Brooklyn, New York 11218.  Upon information and belief, Total Plan Concepts is a d/b/a for Empire Benefits Administrators LLC, which is incorporated under the laws of the State of New York, with its principal place of business in the State of New York.

26.     Defendant Cigna Health Management, Inc. is incorporated under the laws of the State of Delaware, with its principal place of business at 1601 Chestnut Street, Philadelphia, Pennsylvania 17112. Therefore, Cigna is a citizen of the States of Delaware and Pennsylvania for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

27.     The Verified Complaint specifies that the amount in controversy is $134,091.38.

28.     Because Plaintiff and Defendants are citizens of different States and the amount in controversy exceeds $75,000, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

### IV.     GROUNDS FOR REMOVAL - FEDERAL QUESTION JURISDICTION

29.    As described in Part II above, because Plaintiff complains about alleged failures to pay benefits under an ERISA-governed plan, any state-law claims against Defendants based upon those alleged failures are completely preempted by ERISA and removable to this Court based upon its federal question jurisdiction under 28 U.S.C. § 1331.

30.    Plaintiff asserts standing to pursue its ERISA claim against Defendants on the grounds that it was previously assigned certain rights by the Patient with respect to benefits allegedly provided by Cigna and administered by Total Plan Concepts.  Therefore, Plaintiff has standing to pursue an ERISA action.  See N. Jersey Brain & Spine Ctr. v. Aetna, Inc., 801 F.3d 369, 372 (3d Cir. 2015).

31.    As the United States Supreme Court has repeatedly held, the "carefully integrated civil enforcement provisions" in Section 502(a) of ERISA, 29 U.S.C. § 1132(a), set forth the "exclusive" remedies available for the allegedly erroneous denial, non-payment or underpayment of benefits available under an ERISA-governed health benefits plan.  Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987).

32.    Indeed, the exclusivity of ERISA remedies is so strong that it permits removal of any purported state-law cause of action that amounts to an alternative mechanism for enforcing a claim to ERISA-governed benefits.  See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987) (the preemptive force of ERISA operates to "convert[]" ordinary state law claims into federal claims for purposes of the well-pleaded complaint rule); see also Aetna Health, Inc. v. Davila, 542 U.S. 200, 209 (2004) (holding that "any state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted").

33. In Davila, two members of ERISA-governed plans asserted state-law claims against managed care companies seeking damages resulting from injuries allegedly sustained as a result of the defendants' decision not to cover treatments recommended by the members' treating physicians. Id. at 204-05. The Supreme Court held that the state-law claims were completely preempted by ERISA and thus removable to federal court, because the defendants' liability for any damages "would exist here only because of petitioners' administration of ERISA-regulated benefit plans," and thus the defendants' "potential liability under [state law] in these cases . . . derives entirely from the particular rights and obligations established by the benefit plans." Id. at 213.

34. The same is true here because the Verified Complaint derives from coverage determinations made under the Patient's ERISA-regulated health benefit plan. Id. Such claims are preempted "no matter how couched." Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 273 (3d Cir. 2001). The Verified Complaint is thus preempted by ERISA, and this action is properly removable to this Court. See Davila, 542 U.S. at 213; see also Pryzbowski, 245 F.3d at 273 (noting that claims challenging the administration of or eligibility for benefits "fall[] within the scope of § 502(a) and [are] completely preempted").

35. Although it does not specify a cause of action, the Verified Complaint alleges that Plaintiff reasonably relied "to its detriment" on representations made by Total Plan Concepts that it would be paid 80% of its billed charges for the 2018 Infusions under the Patient's plan. See Ex. A., Verified Compl. ¶¶ 13, 19. The Verified Complaint also alleges that "all administrative remedies have been exhausted" under the Patient's plan. Id. ¶ 21. It is well settled that a claim for benefits under an ERISA plan or policy is preempted, even if couched as a misrepresentation or promissory estoppel claim. See Bernatowicz v. Colgate-Palmolive Co., 785 F. Supp. 488, 493

(D.N.J. 1992) ("For plaintiffs to prevail, the court must find . . . that the defendant . . . made misrepresentations concerning the terms of the plan. On the issue of liability, therefore, the court's inquiry must be directed to the plan."); Frommer v. Celanese Corp., 2008 WL 1803535, at *3 (D.N.J. April 21, 2008) (finding plaintiff's "breach of contract/promissory estoppel claim 'relates to' the ERISA plan and is preempted to the extent it concerns ERISA plan benefits"). Because any obligation on the part of Defendants regarding payment and/or approval for services is grounded in the Patient's ERISA plan, the Verified Complaint is preempted.

## V. SUPPLEMENTAL JURISDICTION

36. This Court has supplemental jurisdiction over any non-ERISA causes of action which may be construed in Plaintiff's Complaint under 28 U.S.C. §§ 1367 and 1441(c).

## VI. VENUE

37. The State Court Action was filed in the Superior Court of New Jersey, Law Division, Hudson County, which is within this judicial district. See 28 U.S.C. § 110. This Court is thus the proper court for removal under 28 U.S.C. §§ 1441(a), 1446(a).

## VII. TIMELINESS

38. On March 22, 2019, Plaintiff served Total Plan Concepts via personal service and Cigna's counsel accepted service from Plaintiff via electronic mail.

39. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because 30 days has not passed under Fed. R. Civ. P. 6 since receipt by Defendants, through service, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 356 (1999) (holding that proper service under state law triggers the time period for filing of removal).

## VIII.   NOTICE

40. Cigna will give written notice of the filing of this Notice of Removal to Plaintiff's counsel of record, as required by 28 U.S.C. § 1446(d), and a copy of this Notice, together with a Notice of Filing Notice of Removal, will be filed with the clerk of the Superior Court of New Jersey, Hudson County. A copy of the Notice of Filing Notice of Removal is annexed as Exhibit B.

## IX.   CONSENT

41. All defendants named in the Verified Complaint consent to this Notice of Removal. A Consent to Notice of Removal signed by counsel for Total Plan Concepts is annexed as Exhibit C.

## CONCLUSION

42. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

43. Based on the foregoing, Cigna respectfully requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

Dated: March 27, 2019　　　　By: *s/ E. Evans Wohlforth, Jr.*
　　Newark, New Jersey　　　　　　E. Evans Wohlforth, Jr., Esq.
　　　　　　　　　　　　　　　　　Zachary W. Antilety, Esq.
　　　　　　　　　　　　　　　　**GIBBONS P.C.**
　　　　　　　　　　　　　　　　One Gateway Center
　　　　　　　　　　　　　　　　Newark, NJ  07102-5310
　　　　　　　　　　　　　　　　Tel:  (973) 596-4879
　　　　　　　　　　　　　　　　Fax:  (973) 639-6486
　　　　　　　　　　　　　　　　ewohlforth@gibbonslaw.com
　　　　　　　　　　　　　　　　zantilety@gibbonslaw.com
　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　*Cigna Health Management, Inc.*